OPINION
On July 7, 1999, Officer Bradford S. Smith of the Magnolia Police Department cited appellant, Corrine K. Baker, for speeding in violation of R.C. 4511.21. A bench trial commenced on August 3, 1999. By judgment entry filed same date, the trial court found appellant guilty and ordered her to pay a $25 fine plus court costs. Appellant was also assessed two points on her driving record. Appellant filed a pro se appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I. THE EVIDENCE AT TRIAL WAS, NOT ONLY, INSUFFICIENT TO SUPPORT A CONVICTION, BUT RATHER, THE EVIDENCE PROVED THAT THE APPELLANT IS INNOCENT, AND THE JUDGE'S VERDICT IS AGAINST THE CLEAR AND CONVINCING MANIFEST WEIGHT OF THE EVIDENCE AND TESTIMONY.
 II. THE STATE FAILED TO PROVE BEYOND A REASONABLE DOUBT THAT THE APPELLANT COMMITTED THE VIOLATION OF SPEEDING, IN VIOLATION OF O.R.C. 4511.21(C), AS CHARGED.
 III. THE TRIAL JUDGE'S COMMENTS AND STATEMENTS MADE DURING THE COURT'S READING OF THE VERDICT WERE VAGUE AND AMBIGUOUS.
 IV. THE TRIAL JUDGE ERRED WHEN SHE FOUND THE APPELLANT GUILTY OF SPEEDING, IN VIOLATION OF ANY PROVISION OF O.R.C. 4511.21, BY NOT OBEYING AND FOLLOWING THE PROVISIONS OF O.R.C. 4511.12.
 I, II, IV
Appellant claims her conviction for speeding was against the manifest weight of the evidence. We disagree. On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. State v. Jenks (1991), 61 Ohio St.3d 259. On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Martin (1983),20 Ohio App.3d 172, 175. See also, State v. Thompkins (1997),78 Ohio St.3d 380. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175. Appellant was convicted of speeding in violation of R.C. 2511.21(C) which states "[i]t is prima-facie unlawful for any person to exceed any of the speed limitations in divisions (B) (1) (a), (2), (3), (4), (6), and (7) of this section, or any declared pursuant to this section by the director or local authorities and it is unlawful for any person to exceed any of the speed limitations in division (D) of this section." Although appellant admitted she was going 55 m.p.h. while passing a slow moving vehicle, she argues from where she entered the roadway to where she was clocked, there was no posted speed limit sign warning her the speed limit was 40 m.p.h. See, Appellant's Brief at 4-5. Officer Smith testified he observed appellant traveling northbound on Waynesburg Drive/State Route 43. T. at 8. Officer Smith observed appellant pass another vehicle, completing the pass in a double yellow line area. Id. Officer Smith noticed appellant was traveling over the speed limit. T. at 8-9. The posted speed limit was 40 m.p.h. and Officer Smith clocked appellant going 55 m.p.h. T. at 9-10. Officer Smith testified there was a 40 m.p.h. speed limit sign posted at the intersection of State Route 44 and Waynesburg Drive/State Route 43. T. at 13. Appellant admitted to traveling both southbound and northbound on Waynesburg Drive/State Route 43 and crossing the above mentioned intersection. T. at 19-20. Appellant stated a 40 m.p.h. speed limit sign was posted at the point she passed Officer Smith. T. at 21. Appellant claimed she was going 43 m.p.h. when she passed Officer Smith. Id. Upon review, we find the record supports the trial court's finding that appellant, by her own admission, was exceeding the speed limit. Assignments of Error I, II and IV are denied.
 III
Appellant claims the trial court made "vague and ambiguous comments and statements" in rendering its decision. We disagree. At the conclusion of the trial, the trial court specifically stated the following: The Court finds that by the evidence and the Defendant's own testimony that the Defendant was operating as (sic) motor vehicle in excess of the posted speed limit on July 7th, 1999, and I would find you guilty of that charge.
* * *
It is the sentence of the Court in this matter that you pay a fine of 25 and court costs and it is a two point violation.
T. at 42.
In its judgment entry filed August 3, 1999, the trial court states "[f]ollowing trial, the Court finds the defendant guilty of the charge of Speeding. It is the sentence of the Court that the defendant pay a fine of $25.00 and court costs. Fine and court costs are due on September 15, 1999. Two (2) points are assessed against defendant's license." Upon review, we find no ambiguity or error in the cited findings and comments. Assignment of Error III is denied.
The judgment of the Canton Municipal Court of Stark County, Ohio is hereby affirmed.
By FARMER, J. GWIN, P.J. and WISE, J. concur.